## RICHMONDVILLE UNION SEMINARY *vs.* HAMILTON MUTUAL IN-SURANCE COMPANY.

The by-laws of an insurance company, to which their policies were expressly made subject, provided that their risks should be distributed into four classes, one of which included "carpenters' shops;" that the application should be part of the policy, and "a warranty on the part of the assured;" and that an omission in the application to "make a true representation of the property, so far as concerns the risk and value thereof," should avoid the policy.  An application for insurance on a building in a less hazardous class contained a covenant that it was "a correct description of the property, so far as regards the condition, situation, value and risk of the same; and that neither the building described nor any other within one hundred and fifty feet is used for more hazardous purposes than is herein stated"; and this interrogatory: "What is the distance and direction from each other and from other buildings within one hundred and fifty feet, and for what purposes are said buildings occupied?"  *Held*, that an omission to disclose a structure of rough timber forty five feet long by twelve to eighteen feet high, within fifty feet of the property insured, made for the use of the carpenters employed to erect the building insured, did not avoid the policy, unless found by the jury to be a carpenter's shop, or unless, from the materials usually deposited therein, and the use to which it was devoted, its disclosure would have increased the premium of insurance.

In an action upon a policy of insurance the defendants put in evidence a diagram of the property insured, without date or signature, but referred to in the application as of a certain date and sent to them by a certain person.  *Held*, that the admission of a letter so dated and signed, and which had accompanied the diagram, as containing representations made by the plaintiffs but not as proof of any facts therein stated, was unobjectionable.

The by-laws of an insurance company, to which a policy was made subject, provided that in case of double insurance the company should be liable to pay only such proportion thereof as the sum insured by them should bear to the whole amount insured thereon.  Upon the face of the policy were written the words "Additional to $9000 insured in other offices and $8000 to be insured in other offices."  The application for insurance stated that there was $9000 already insured, and "$8000 wanted in other companies."  *Held*, that the company's liability was to be calculated by the amount of insurance actually procured, and not by the amount thus stated.

ACTION OF CONTRACT upon a policy of insurance for $3000, made by the defendants, a mutual fire insurance company, " in its second class" to the plaintiffs " on their seminary building and fixtures attached in Richmondville," N. Y. On the face of the policy, immediately after the description of the property, were written these words : " Additional to $9000 insured in other offices and $8000 to be insured in other offices."

The policy was declared by printed clauses on its face to be made " under the provisions, conditions and limitations of the charter and by-laws of said company," and subject to their lien on the interest of the assured in the property; and to be " accepted by the insured, subject at all times to the conditions and regulations of the act of incorporation and by-laws of said company for the time being in force, which conditions and regulations are hereby declared to form a part hereof."

The by-laws contained these provisions : By the fifth article " the property insured by said company shall be divided into four classes," of which the second " shall consist of dwelling-houses, barns and their contents in towns and villages, together with other property not deemed by the directors more hazardous ;" and the fourth, of various mechanics' shops and manufactories, including " carpenters' shops."

" ART. 6. The application upon which a policy is founded shall be held to be a warranty on the part of the assured, and as absolutely a part of said policy and of the contract of insurance as if it were actually incorporated therein in full."

" ART. 13. Unless the applicant for insurance shall make a true representation of the property on which he requests insurance, so far as concerns the risk and value thereof, the policy issued thereon shall be void ; and in case the application is made through an agent, the applicant shall be held liable for the representation."

" ART. 18. In case any other policy of insurance has been or shall be issued, covering the whole or any portion of the property insured by this company in any policy, the policy issued by this company shall be deemed and become void, though such other policy be void also, unless the directors shall have been

notified of such other policy and given their consent thereto in writing signed by the president and secretary; and in case of loss or damage of property upon which such double insurance subsists, this company shall be liable to pay only such proportion thereof as the sum insured by this company bears to the whole amount insured thereon; such amount not to exceed two thirds of the actual value of the property at the time of the loss."

The application contained numerous printed questions and written answers, among which were these : 4. What is the dis-tance and direction from each other, and from other buildings within one hundred and fifty feet, and for what purposes are said buildings occupied ?" *Answer.* " See diagram sent you by E. S. Fox, agent, dated 17th November 1853." " Make a ground plan on the back of the application." *Answer.* " Please attach the one sent as above." " 5. Are there any stores, hotels, mechanic shops or hazardous property of any description in the vicinity, beyond one hundred and fifty feet, so situated as to endanger the property to be insured ? If so state what, and make a plan thereof, with the intervening property, giving all the distances and directions." *Answer.* " Is not." " 10. If there is any insurance on the property, state where, to what amount, and at what rate." The answer to this question gave $9000 in other offices, with the rates, and added: " $8000 wanted in other companies." Above the applicant's signature were printed these provisions : " And the applicant covenants and agrees with said company that the foregoing is a correct description of the property requested to be insured, so far as regards the condition, situation, value and risk on the same; that neither the building described nor any other within one hundred and fifty feet is used for more hazardous purposes than is herein stated; that the sums proposed to be insured do not exceed two thirds of the actual value thereof exclusive of land;" " that the company shall not be held liable to pay in case of loss more than such proportional part of the value at the time of the oss;" " that he holds himself bound by the act of incorporation and by-laws of said company;" and " that the misrepresenta-

tion or suppression of material facts shall destroy his claim for damage or loss."

At the trial in Essex, at November term 1858, before *Dewey* J., it appeared that the seminary building was a large structure of the value of about $24,000, erected in the year 1853, and was totally destroyed by fire on the 30th of June 1854, within the term of the policy.

The diagram mentioned in the answer to the fourth inter rogatory in the application omitted a structure within fifty feet of the property insured, nearer than any other building disclosed, which was forty five feet long by from twelve to eighteen feet high, made of rough lumber, and was erected before the com- mencement of the building insured, for the use of the carpen- ters employed thereon, and was not occupied when the insur- ance was effected, though carpenter's work was afterwards done in it.

The plaintiffs contended that this was " a structure of a tem- porary character only, for the use of the mechanics and those engaged upon the building, which was to be removed upon the completion of the work, and not necessary to be described in the application, although in point of fact it had not been re- moved when the fire occurred." The defendants insisted that the omission to disclose this building or structure in the applica- tion avoided the policy, whether it affected the risk or not.

The presiding judge instructed the jury " that, if there was upon the premises of the plaintiff, and within fifty feet of the building insured, a carpenter's shop, adapted and used for that purpose, which shop was shown to belong to a more hazardous class, and one which would have required a greater premium to be paid for insuring the seminary building; and the existence of said shop was not disclosed to the insurers in the answers in the application, but wholly omitted therefrom; such omission would render the policy void." And, upon the defendants' prayer for a further instruction, not confined to a carpenter's shop, the court further instructed the jury, " that, if any structure, of the size which the evidence tended to show the present was, was shown to have existed on the premises, and within fifty feet of

the seminary building, which structure, from the materials usually deposited, and the use to which it was devoted, was such as would thereby have required a larger premium to be paid for insuring the building by the plaintiffs, if its existence had been disclosed to the defendants in the answers to the questions propounded to the plaintiffs in the application, its omission would render the policy void." The court gave no further instructions on this point.

The diagram mentioned in the application was attached to a letter dated November 17th 1853, written to the defendants by Fox, their agent for receiving and forwarding applications and receiving and delivering policies in return, and contained statements as to the nature of this risk, and the rates of insurance by other companies. The plaintiffs claimed the right to put this letter into the case, and to read and comment upon it to the jury. And the presiding judge, against the defendants' objection, admitted the letter, " instructing the jury that it was to be taken as a letter containing representations by the plaintiffs only, not as proof of the facts therein stated."

It appeared that at the time of the fire the plaintiffs had $11,000 insurance, other than the defendants' policy, on the property. The defendants contended that their liability under their eighteenth by-law was to be calculated as if the other insurance had been $17,000, as mentioned in the policy, and should be therefore limited to three twentieths of the amount insured, such amount not to exceed two thirds of the actual value of the property. But the judge instructed the jury that the defendants' liability was to be calculated by the amount actually insured by the plaintiffs upon their property ; and as that amount was less than two thirds of the value of the property, that the defendants were liable, if at all, for the whole amount of their policy. The jury returned a verdict for the plaintiff for the full amount, and the defendants alleged exceptions.

*J. W. Perry,* for the defendants. 1. By the fourth interrogatory in the application, all the buildings within one hundred and fifty feet of the property insured, and their use and occupation, are made material to the contract and risk ; and if they are

not disclosed in a manner substantially correct, the contract is void. 1 Phil. Ins. § 520. *Miles* v. *Connecticut Mutual Life Ins. Co.* 3 Gray, 580. *Davenport* v. *New England Mutual Fire Ins. Co.* 6 Cush. 340. *Burritt* v. *Saratoga County Mutual Fire Ins. Co.* 5 Hill, 188. *Chaffee* v. *Cattaraugus County Mutual Fire Ins. Co.* 18 N. Y. 576. The fourth and fifth interrogatories, taken together, show that all buildings whatever within that distance, and all hazardous property in the vicinity beyond that distance, must be disclosed.

By the defendants' fifth by-law their risks are divided into four classes, according to the nature of the property insured. The plaintiffs were insured in the second class, which is not hazardous; but " carpenters' shops " belong to the fourth class, which is more hazardous.

The covenant, at the end of the application, that it " is a correct description of the property, so far as regards the condition, situation, value and risk," extends to the situation of the property in relation to all buildings within one hundred and fifty feet, as well as to the " risk " of the property insured under the thirteenth by-law. The applicant further expressly covenanted that no building " within one hundred and fifty feet is used for more hazardous purposes than is herein stated ; " and yet did not disclose the more hazardous " carpenter's shop."

By the face of the policy and the sixth by-law, the application is made a warranty, just as if written upon the face of the policy in full. *Wall* v. *East River Ins. Co.* 3 Selden, 370.

2. The letter put into the case was irrelevant and incompetent, and might mislead the jury. The application simply referred to the diagram contained in the letter, and the diagram made no reference to the letter.

3. By force of the contract upon the face of the policy the defendants insured $3000, " additional to $9000 insured in other offices, and $8000 to be insured in other offices." This is perhaps not a warranty that such other insurance shall exist. See *Forbush* v. *Western Massachusetts Ins. Co.* 4 Gray, 337. But it is a contract or warranty as to the basis of calculation of the amount of the defendants' liability in case of loss.

*S. H. Phillips & J. A. Gillis,* for the plaintiffs.

BIGELOW, J.   1. The application for insurance in the present case, the policy issued thereon, and the by-laws of the company are substantially the same as those which came under the consideration of the court in *Elliott* v. *Hamilton Mutual Ins. Co.* 13 Gray, 139.   It was there held, that the answers to the interrogatories proposed to the assured did not amount to strict warranties; that they were to be construed in connection with the agreements and stipulations made by the assured in the las clause of the application.   It follows that, notwithstanding the terms of the sixth article of the by-laws, the policy is not avoided by an omission to disclose the fact that buildings were situated nearer to the premises insured than the distance named in the answers, unless the existence of such buildings was material to the risk.   The instructions given to the jury on this part of the case were in conformity with this construction of the contract, and were sufficiently favorable to the defendants.

2. The letter from the agent, to which the diagram was attached, was properly admitted in evidence under the limitations stated by the court.   It was in fact a part of the evidence on which the defendants relied.   They could not maintain their defence without putting in the application for insurance and the diagram of the premises referred to therein.   The latter could be identified only by the date of the letter to which it was attached and the signature of the agent thereto.   The defendants could not properly be permitted to put in one part of a document and withhold the residue.   The plaintiffs had a right to insist that the whole of it should be read to the jury.   Besides, we are unable to see that the letter could in any way have prejudiced the defendants' case.   It was not admitted as evidence of the facts stated in it, and the representations which it contained did not relate particularly to any ground of defence relied on at the trial.

3. The ruling as to the amount which the plaintiff was entitled to recover was also correct.   Taking the application and the policy together, we think it very clear that there was no intention on the part of the assured to stipulate for obtaining

an additional insurance of eight thousand dollars on the property, and that it was not so understood by the defendants. The clause in the policy that eight thousand dollars was to be insured at other offices was inserted for a different purpose. In the application the plaintiffs had stated that they wanted to procure insurance for eight thousand dollars in other offices. By the eighteenth article of the by-laws attached to the policy, it is provided that the contract of insurance shall be void, if other insurance on the property shall be obtained without the consent in writing of the defendants. The object therefore of the clause in the policy relating to future insurance was permissive only, inserted in order that the plaintiffs might procure the further insurance on the property, which in the application they had stated they wished to obtain, without the risk of thereby avoiding the policy or of being under the necessity of applying for the written assent of the defendants. But it was not intended as an agreement that the plaintiffs should at all events procure that amount of insurance on the property, nor to limit the liability of the defendants in case of loss, so that the plaintiffs could recover only a proportion of the sum insured by the policy, calculated on the basis that such future insurance actually subsisted on the property. We are therefore of opinion that the plaintiffs were entitled to a verdict for the full sum insured by the defendants. *Judgment on the verdict.*